**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moez Fardmanesh,        )<br>              )<br>    Petitioner,    )<br>              )<br>vs.              )<br>              )<br>Katrina Kane,        )<br>              )<br>    Respondent.   )<br>_____) | No. CV-08-1526-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (docket # 1) Petitioner claims that his prolonged detention by the Department of Homeland Security ("DHS") beyond the 180-day removal period violates his due process rights as articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He further argues that he applied for supervised release on June 6, 2008, but had not received a ruling as of August 14, 2008. (docket # 1 at 4) Petitioner seeks release from custody pending his removal to Iran.

**I.  Suggestion of Mootness**

On October 24, 2008, Respondent filed a Response to Petition for Writ of Habeas Corpus and Suggestion of Mootness, asserting that this matter is moot because Petitioner was released from custody under an order of supervision on October 16, 2008. (docket # 10) Respondent has submitted a copy of the Order of Supervision, signed by Petitioner, which evidences his release from custody pursuant to the terms of that Order. On October 27, 2008, the Court received returned mail marked undeliverable addressed to

Petitioner at his address on file with the Court.  (docket # 11)   Petitioner has not notified the Court of his current address.

Petitioner's failure to advise the Court of his current address constitutes a sufficient basis for dismissing this matter.  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ( "A party, not the district court, bears the burden of keeping the court apprized of any changes in his mailing address.")  Moreover, as discussed below, this matter is moot.

**II.  Analysis**

In his § 2241 Petition, Petitioner seeks immediate release from custody because his prolonged and indefinite detention violates the Due Process clause.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001).  Petitioner specifically requests the Court "order the Department of Homeland Security to immediately grant me supervised release."  (docket # 1 at 9)

After Petitioner filed his Petition, on or about October 16, 2008, he was released from custody under an order of supervised release.  (docket # 10, Exh. A)  In view of his release on supervised release, Petitioner has received the only relief he was seeking in his § 2241 petition.

The jurisdiction of the federal courts depends on the existence of a "case or controversy."  *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  Specifically, "Article III of the Constitution mandates that an actual case or controversy exist at all stages of judicial review."  *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.)  This Court lacks jurisdiction to review moot issues.  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies.").

Here, Petitioner only challenges his prolonged and indefinite detention by DHS.

In view of Petitioner's release from custody, the relief he requests — release from custody on supervised release  — can no longer be effected.  Therefore, no "case or controversy" remains and the Petition is moot.  *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "[a] claim is moot if it has lost its character as a present, live controversy.") (citation omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal., May 24, 2001).  In cases in which the actions sought to be enjoined or ordered have already occurred, and the courts "cannot undo what has already been done, the action is moot."  *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).

In view of the Petitioner's failure to advise the Court of his current address and his release from custody, which rendered his Petition moot, his Petition should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure

1 timely to file objections to any factual determinations of the Magistrate Judge will be
2 considered a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
4 72, Federal Rules of Civil Procedure.

   DATED this 10th day of November, 2008.

   Lawrence O. Anderson
   United States Magistrate Judge